RECORD NUMBER: 14-1846

# United States Court of Appeals
## *for the*
# Fourth Circuit

K.I.D., H. MITCHELL DOUGLAS, and
ANGELA L. DOUGLAS,

*Appellants,*

– v. –

CHARLES A. WILKINS,

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

## OPENING BRIEF OF APPELLANTS

J. MICHAEL SHARMAN
COMMONWEALTH LAW OFFICES, PC
246 East Davis Street, Suite 200
Culpeper, VA  29651
(540) 727-1007

R. WAYNE NUNNALLY
R. WAYNE NUNNALLY, PC
183 King Carter Drive
Irvington, VA 22480
(757) 625-5000

PAUL C. STAMM
ATTORNEY AT LAW
P.O. Box 2015
Kilmarnock, VA 22482
(804) 435-2626

*Counsel for Appellants*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __14-1846__    Caption: __K.I.D. et al v. Wilkins_____

Pursuant to FRAP 26.1 and Local Rule 26.1,

__K.I.D._____
(name of party/amicus)

_____

 who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.      Does party/amicus have any parent corporations?                   ☐ YES ☑ NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                  ☐ YES ☑ NO
        If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐ YES ☑ NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
     If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
     If yes, identify any trustee and the members of any creditors' committee:

Signature:  /s/ J. Michael Sharman                    Date:    11 Sep 2014

Counsel for:  K.I.D.

# CERTIFICATE OF SERVICE
**************************

I certify that on    11 Sep 2014    the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Alexander Francuzenko, Esquire          R. Wayne Nunnally, Esquire
Cook, Craig & Francuzenko, PLLC         183 King Carter Drive
3050 Chain Bridge Road, Suite 200       Irvington, VA 22480
Fairfax, VA 22030

Paul C. Stamm, Jr., Esquire
Post Office Box 2015
Kilmarnock, VA 22482

/s/ J. Michael Sharman                        11 Sep 2014
        (signature)                                (date)

# TABLE OF CONTENTS

Corporate Disclosure Statement

Table of Authorities ................................................................ iii

Jurisdictional Statement ........................................................... 1

Statement of the Issues............................................................. 2

Statement of the Case.............................................................. 3

    Statement of the Facts........................................................ 5

Summary of Argument ........................................................... 7

Argument............................................................................. 9

    Issue 1. Plaintiff K.I.D.'s request to remand to state court should have been granted when no federal law claims had ever been asserted against the only remaining defendant, Sheriff Charles A. Wilkins, either in the original complaint filed in state court or in the federal district court Amended Complaint ..................................... 9

    Standard of Review........................................................... 9

    Issue 2. Defendant Jones was acting within the scope of his employment, in "colore officii", when he sexually abused Plaintiff K.I.D. during school hours, on school property, and at school activities while serving as the deputy sheriff of Defendant Sheriff Charles A. 'Chuck' Wilkins as the School Resource Officer................................................................. 13

    Standard of Review........................................................... 13

    Issue 3. The allegations of Sheriff Wilkins' utter failure to exercise any care in supervising Deputy Jones after receiving warnings about Deputy Jones stated a claim for gross negligence................... 20

    Standard of Review........................................................... 20

Issue 4. K.I.D. stated a claim for negligence per se against Sheriff Wilkins with her allegations of his failures to comply with the Code of Virginia at §§ 9.1-101, 9.1-110(A), 18.2-370.1 and 18.2-361, all four of which are public safety laws that bound Sheriff Wilkins and were instituted to protect children such as K.I.D ................................................................................. 22

Standard of Review ...................................................................... 22

Conclusion .................................................................................. 24

Statement Regarding Standard of Review ....................................... 25

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. IqbaI*,
  556 U.S. ___, ___, 129 S. Ct. 1937 (2009) .................................................. 20

*Banca Cremi, S.A. v. Alex. Brown & Sons, Inc.*,
  132 F.3d 1017 (4th Cir. 1997) ..................................................... 13

*Bell Atlantic Como v. TwombIy*,
  550 U.S. 544, 570 (2007) ............................................................ 20

*Bell v. City of Roanoke Sheriff's Office*,
  No. 7:09cv00214, 2009 WL 5083459 (W.D. Va. Dec. 23, 2009) .............. 17

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988).................................................................. 11

*Dabney v. Taliferro*,
  4 Rand 256 (1826, Va.) ............................................................. 14

*Dixon v. Coburg Dairy, Inc.*,
  369 F.3d 811 (4th Cir. 2004) ................................................. 11, 12

*First Va. Bank-Colonial v. Baker*,
  225 Va. 72, 301 S.E.2d 8 (1983) ................................................ 16

*Flying Pigs, LLC v. RRAJ Franchising, LLC*,
  757 F.3d 177 (4th Cir. 2014) ..................................................... 10

*Green v. Ingram*,
  269 Va. 281, 608 S.E.2d 917 (2005) ...................................... 21, 22

*Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*,
  736 F.3d 255 (4th Cir. 2013) ..................................................... 11

*James v. M'Cubbin*,
  6 Va. 273 (1800) ................................................................. 14, 17

*Leavitt v. Jane L.,*
518 U.S. 137 (1996)................................................................................. 13

*Lontz v. Tharp,*
413 F.3d 435 (4th Cir. 2005) ......................................................... 9

*Miller v. Jones,*
50 Va. (9 Gratt.) 584 (1853) ................................................. 15, 16

*Moore's Administrator v. Dawney and Another, Administrators of Bell,*
13 Va. 127 (1808) ............................................................. 14, 16, 17

*Muse v. Stern,*
82 Va. 33 (1886) ...................................................................... 15

*Quarman v. Burnett,*
6 Mee. & Wels. 409 ................................................................. 15

*Randall v. United States,*
30 F.3d 518 (4th Cir. 1994) ......................................................... 22

*Roche v. Lincoln Property Co.,*
373 F.3d 610 (4th Cir. 2004) ......................................................... 9

*Salve Regina College v. Russell,*
499 U.S. 225 (1991)................................................................. 13

*Schlimmer v. Poverty Hunt Club,*
268 Va. 74, 597 S.E.2d 43 (2004) ................................................. 23

*Smith v. Sydnor,*
184 F.3d 356 (4th Cir. 1999) ................................................. 20, 22

*Verry v. Barry,*
19 Cir. L20057454, 71 Va. Cir. 318 (2006) ................................. 17

**Rules, Statutes, and Other Authorities**

20 U.S.C. § 1681(a) ................................................................ 1

28 U.S.C. § 1291 .................................................................... 1

28 U.S.C. § 1331 .................................................................... 1

28 U.S.C. § 1441 .................................................................... 1

28 U.S.C. § 1446(a) .............................................................. 11

42 U.S.C. § 1983 ........................................................... *passim*

8VAC20-22-630 .................................................................... 12

8VAC20-70-20 ...................................................................... 12

Fed. R. Civ. P. 12(b)(6) ................................................ 5, 20, 22

Fed.R.Civ.P. 41(a)(l)(A)(i) ...................................................... 4

F.R.A.P. 34(a)(2) .................................................................. 25

Va. Code § 8.01-2(7) ............................................................ 13

Va. Code § 9.1-101 ....................................................... *passim*

Va. Code § 9.1-110(A) .................................................. *passim*

Va. Code § 15.2-1603 ............................................................ 13

Va. Code § 18.2-361 .......................................................... 2, 22

Va. Code § 18.2-370.1 .................................................. *passim*

Va. Code § 18.2-361 ..................................................... 9, 23, 24

Va. Code § 18.2-371 .............................................................. 12

Va. Code § 22.1-259 ........................................................................... 12

Va. Code § 22.1-253.13:7 ................................................................. 12

Va. Code § 63.2-1509 ....................................................................... 12

# JURISDICTIONAL STATEMENT

On February 14, 2014, K.I.D. and her parents filed a state court action against Sheriff Charles A. Wilkins, his deputy, defendant Derek O. Jones, and several school-based defendants in Virginia's Richmond County Circuit Court, the county of residence for the defendant Deputy Derek O. Jones and two of the plaintiffs. (App. 11)

The defendant School Board of Northumberland County on March 14, 2014, filed its Notice of Removal from the Richmond County Circuit Court to the United States District Court for the Eastern District of Virginia, Richmond Division, asserting removal jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1331 as a result of the federal question claims against it involving 42 U.S.C. § 1983 and violation of Title IX - 20 U.S.C. § 1681(a). (App. 8)

As to Defendant Charles A. Wilkins, jurisdiction in the federal district court was NOT founded upon either a federal question or diversity, nor did the resolution of Plaintiffs' claims involve a federal issue against Defendant Sheriff Wilkins.

After the Plaintiffs' voluntary dismissals, the only defendant that remained in the federal district court was the Sheriff, Defendant Charles A. Wilkins.

This court has jurisdiction under 28 U.S.C. § 1291. On July 18, 2014, the district court granted Sheriff Wilkins' motion to dismiss, which was a final

judgment that disposed of all of the claims. The order being appealed is the order of July 18, 2014. (App. 298.) The plaintiffs K.I.D., *et al*. timely filed their notice of appeal on August 15, 2014. (App. 299.)

## STATEMENT OF THE ISSUES

**Issue 1**. Plaintiff K.I.D.'s request to remand to state court should have been granted when no federal law claims had ever been asserted against the only remaining defendant, Sheriff Charles A. Wilkins, either in the original complaint filed in state court or in the federal district court Amended Complaint.

**Issue 2**. Defendant Jones was acting within the scope of his employment, in "colore officii", when he sexually abused Plaintiff K.I.D. during school hours, on school property, and at school activities while serving as the deputy sheriff of Defendant Sheriff Charles A. 'Chuck' Wilkins as the School Resource Officer.

**Issue 3**. Sheriff Wilkins' utter failure to exercise any care in supervising Deputy Jones after receiving warnings about Deputy Jones' repeated violations of child-safety protocol did state a claim for gross negligence.

**Issue 4**. K.I.D. stated a claim for negligence *per se* against Sheriff Wilkins by her allegations of his failures to comply with the Code of Virginia at §§ 9.1-101, 9.1-110(A), 18.2-370.1 and 18.2-361, all four of which are public safety laws that bound Sheriff Wilkins and were instituted to protect children such as K.I.D.

## STATEMENT OF THE CASE

On February 14, 2014, K.I.D. and her parents filed their Complaint (App. 11) in Richmond County, Virginia, the residence for the Defendant Jones, Plaintiff K.I.D. and one of the plaintiff parents. (App. 190.)

The basis of the suit was the sexual abuse committed against K.I.D. by Sheriff Wilkins' deputy, Derek O. Jones, while Jones served as Sheriff Wilkins' School Resource Officer at Northampton High School ("NHS").

During Deputy Jones' time of service as the School Resource Officer, Deputy Jones sexually abused K.I.D. from April 15, 2011 to February 22, 2012 during K.I.D.'s freshman and sophomore years. (Complaint, para. 49, App. 21.)

In the original state court Complaint, Count XIV against the Defendant School Board asserted 42 U.S.C. § 1983 claims against the Defendant School Board. (Complaint, para. 465-477, App. 110-113.) The state court Complaint also asserted  Title IX claims against the Defendant School Board in Count XV. (Complaint, para. 441-464, App. 100-109.)

Only the Defendant School Board had 42 U.S.C. § 1983 and Title IX claims asserted against it. No federal question claims were asserted against any other defendant.

On March 14, 2014, Defendant School Board removed the case to the United States District Court, Eastern District of Virginia, based upon K.I.D.'s 42 U.S.C. § 1983 and Title IX allegations against the School Board. (App. 8)

After removal, the federal district court *sua sponte* ordered the plaintiffs to amend their complaint (Order, para. 3, App. 175.), which the plaintiffs did on April 4, 2014. (App. 190.)

In the Amended Complaint, **no** federal cause of action was alleged against **any** defendant, **no** diversity existed and **no** federal issue was raised.

On April 5 and 8, 2014, plaintiffs K.I.D. and her parents voluntarily dismissed the action pursuant to Fed.R.Civ.P. 41(a)(l)(A)(i) against all the defendants except Sheriff Charles Wilkins. (App. 215 and 229)   A voluntary dismissal was not taken against Sheriff Wilkins because he had filed an answer in the state court prior to removal.

That same day, April 5, 2014, plaintiffs filed their "Motion to Remand With Remaining Defendant Wilkins" since there were only state law claims alleged against Sheriff Wilkins and no independent basis for federal jurisdiction had ever existed as to him. (App. 215)

The voluntary dismissals were granted by the district court on April 7 and 8, 2014 (App. 224 and 232), but in an Order dated April 7, 2014, the District Court denied the Motion to Remand. (App. 224.)

4

One week later, on April 14, 2014, Defendant Wilkins then filed "Sheriff Charles A. Wilkins's Motion to Dismiss Plaintiff's Amended Complaint" (App. 235) asking the Court to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The parties briefed the Motion to Dismiss from April 15 to May 1, 2014.

On July 18, 2014 District Court Judge John A. Gibney entered his Memorandum Opinion (App. 289) and Order (App. 298) on Defendant Wilkins' Motion to Dismiss for Failure to State a Claim, dismissing the Amended Complaint with prejudice.

In her Memorandum in Opposition to Defendant Wilkins' Motion to Dismiss, K.I.D. had requested leave to amend in the event the trial court granted the Motion to Dismiss in whole or in part. (App. 279) Neither the Memorandum Opinion nor the Order addressed that request.

The Notice of Appeal was filed on August 15, 2014. (App. 299)

**Statement of the Facts**

Derek O. Jones was a deputy of Northumberland County Sheriff Charles A. Wilkins. Deputy Jones was  Sheriff Wilkins' appointed person to be the School Resource Officer at Northumberland County High School. (Amended Complaint, Para. 20, App. 191.)

While Deputy Jones served as Sheriff Wilkins' School Resource Officer at Northampton High School ("NHS."), Deputy Jones sexually abused K.I.D. from April 15, 2011 to February 22, 2012 during K.I.D.'s freshman and sophomore years. (Amended Complaint, para. 90-92, App. 198-199.)

Deputy Jones admitted that while serving as the School Resource Officer he had sexual intercourse with K.I.D. on multiple occasions in school buildings, on school property, at school activities, and transported K.I.D. in the sheriff's office vehicle for sexual intercourse off-campus. (Amended Complaint, para. 40, App. 194.)

In open court on October 18, 2012, the Defendant Jones made the admission that he sexually abused K.I.D. and entered pleas of guilty in the Northumberland Circuit Court to seven (7) sexual offense crimes against K.I.D. (Amended Complaint, para. 90, App. 198.)

Deputy Jones committed those crimes while serving as a deputy sheriff of Defendant Sheriff Charles A. "Chuck" Wilkins as the School Resource Officer, using Sheriff Wilkins' cell phone and the sheriff's office vehicle provided to him by Defendant Wilkins. (Amended Complaint, para. 91, App.199.)

The cell phone that Deputy Jones used to communicate with K.I.D. had been issued to him by Sheriff Wilkins and was listed under the name "Chuck Wilkins." (Amended Complaint, para. 104, App.200.)

6

There were hundreds upon hundreds of phone calls between JONES' cell phone and K.I.D.'s cell phone or residential phones. There were text messages to and from Deputy Jones' cell phone with K.I.D. that reveal Deputy Jones' sexual misconduct with K.I.D. (Amended Complaint, para 105, App.200.)

Despite Sheriff Wilkins' knowledge of Deputy Jones' repeated and continual violations of the open-blinds/open-door protocol when with female students, Sheriff Wilkins had taken NO disciplinary steps against Deputy Jones. (Amended Complaint, para. 135, , App.204.)

## SUMMARY OF ARGUMENT

The standard of review is *de novo* for all of the issues raised in this appeal. In taking a fresh, *de novo* look, at the case, it is clear the dismissal should be vacated and the matter remanded to the state court.

There never was any diversity of citizenship.

There never were any federal claims or federal question issues raised against Sheriff Wilkins, only state law claims.

Defendant Sheriff Wilkins is the only defendant remaining in federal court.

The case had only been in the federal district court case twenty-two (22) days before K.I.D. voluntarily dismissed all the school defendants and filed her Motion to Remand for the remaining portion involving Defendant Sheriff Wilkins.

When the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by remanding to state court or dismissing the case without prejudice.

The unbroken and historically long line of Virginia precedent clearly holds that Sheriff Wilkins is fully liable for the wrongful acts committed  by his deputy while within the scope of his employment.

Virginia has decided, on principles of public policy, that the liability of a sheriff for his deputy is much more extensive than other master-servant relationships. Even the criminal acts and defaults of the deputy, acting in *colore officii,* are considered in law as the acts and defaults of the sheriff, who is civilly liable therefor in the same form of action as if those acts had been actually committed by himself.

The gross negligence of Defendant Sheriff Wilkins is that he did nothing. His duty was to protect children, yet he did nothing to protect K.I.D. even though the circumstances cried out for action to be taken. Sheriff Wilkins' inactivity and lackadaisical attitude regarding the safety of children in the face of repeated warnings is certainly something that would shock fair minded people.

As to negligence per se, Defendant Sheriff Wilkins violated four public safety statutes: the Code of Virginia at §§ 9.1-101 and 9.1-110(A); and Virginia Code §18.2-370.1 and §18.2-361 at paragraphs 95 to 101.

K.I.D. belongs to the class of persons the statutes were designed to protect; Sheriff Wilkins violated those statutes; K.I.D. suffered harm as a result of Sheriff Wilkins violations; and the harm she suffered is of the type that the four statutes were designed to protect.

K.I.D. requests that this Court reverse the judgment of the district court granting the Defendant Sheriff Wilkins' motion to dismiss, vacate the order of the district court and remand the case to the district court with instructions to remand the case to the Richmond County Circuit Court.

## ARGUMENT

**Issue 1. Plaintiff K.I.D.'s request to remand to state court should have been granted when no federal law claims had ever been asserted against the only remaining defendant, Sheriff Charles A. Wilkins, either in the original complaint filed in state court or in the federal district court Amended Complaint.**

## Standard of Review

- "We review a denial of a motion to remand to state court *de novo.*" *Roche v. Lincoln Property Co.,* 373 F.3d 610, 613 (4th Cir. 2004).

- "Like all questions implicating the subject matter jurisdiction of the federal courts, we review de novo the denial of a motion to remand to state court." *Lontz v. Tharp,* 413 F.3d 435, 439 (4th Cir. 2005)

Taking a fresh look at the case *de novo*, it is clearly appropriate to remand the case to the state court.

Inasmuch as all plaintiffs and all defendants are Virginia residents or entities, the jurisdiction of the district court was entirely dependent upon the existence of a federal question. See, *Flying Pigs, LLC v. RRAJ Franchising, LLC,* 757 F.3d 177, 181 (4th Cir. 2014).

Both before and after removal, all parties were domiciled in Virginia and there was no diversity of citizenship.

Both before and after removal, only state law claims were made against all of the defendants, including Sheriff Wilkins, other than the defendant School Board.

The only basis for subject matter jurisdiction in the federal district court were the plaintiffs' 42 U.S.C. § 1983 and Title IX allegations against the School Board.

The School Board filed its Notice of Removal on March 14, 2014. (App. 8) Just 22 days later, on April 5, 2014, K.I.D. voluntarily dismissed all the school defendants (App. 216) and filed her Motion to Remand the remaining portion involving Defendant Sheriff Wilkins. (App. 218).

"When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its

early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988), footnote omitted. [1]

The only federal questions that were in K.I.D.'s case were the 42 U.S.C. § 1983 and Title IX counts against the Defendant School Board.

Even as to the Defendant School Board, federal jurisdiction was doubtful and thus remand would have been proper even if the School Board had still been in the case.

"A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir. 2004).

---

[1]     The Plaintiffs had not raised the issue of the impropriety of the removal, but Plaintiffs do suggest the lack of unanimity in the initial removal is an additional factor to consider.

"To remove to federal court, the defendant or defendants must file 'a notice of removal . . . containing a short and plain statement of grounds for removal.' *Id.* § 1446(a). The Supreme Court has construed these statutes to require all defendants in a case to join in or consent to removal, creating the so-called "rule of unanimity." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255, 259 (4th Cir. 2013).

The School Board's Notice of Removal did not allege that it was unanimous. (App. 8.) In fact, the Certificate of Service on the School Board's Notice of Removal shows that it was not even served upon the lead defendant, the perpetrator, Defendant Derek O. Jones. (App. 10.)

The removal did not have, and still does not have, the consent of the main defendant, Derek O. Jones.

Although K.I.D's state court Complaint does reference 42 U.S.C. § 1983 and Title IX in her causes of action against the School Board, none of them rely exclusively on a 42 U.S.C. § 1983 or Title IX violation to establish the School Board's liability under state law. Properly read, K.I.D's complaint alleges gross negligence, negligence per se, and violations of the state statutes and regulations identified in the Complaint.[2]

When considered *de novo*, all the factors mitigate in favor of remand, and looked at objectively, no policy or functional purpose is served by retaining the case in federal court.

---

[2] As was the situation with Plaintiff Dixon in *Dixon v. Coburg Dairy, Inc.*, K.I.D's complaint could support a finding of liability under many other theories which were identified in the Complaint — (1) K.I.D. suffered the sexual abuse because of the School Board's constructive fraud in making the false representation to K.I.D. and K.I.D.'s parents that DEREK JONES could be a "counselor" to K.I.D.; (2) K.I.D. suffered the sexual abuse because of the School Board's negligence per se by violating the Code of Virginia at § 22.1-259; (3) K.I.D. suffered the sexual abuse because of the School Board's negligence per se by violating the Code of Virginia at §18.2-371; (4) K.I.D. suffered the sexual abuse because of the School Board's gross negligence by not complying with Virginia Board of Education's "Guidelines for the Prevention of Sexual Misconduct and Abuse in Virginia Public Schools"; (5) K.I.D. suffered the sexual abuse because of the School Board's negligence per se by violating the Virginia Administrative Code at 8VAC20-70-20; and (6) K.I.D. suffered the sexual abuse because of the School Board's negligence per se by violating the Virginia Administrative Code at 8VAC20-22-630; and the School Board's gross negligence by failing to train its staff in accordance with Virginia Code § 22.1-253.13:7 to carry out the mandates of Virginia Code § 63.2-1509.

**Issue 2. Defendant Jones was acting within the scope of his employment, in "*colore officii*", when he sexually abused Plaintiff K.I.D. during school hours, on school property, and at school activities while serving as the deputy sheriff of Defendant Sheriff Charles A. 'Chuck' Wilkins as the School Resource Officer.**

**Standard of Review**

- "We review the district court's interpretation of state law de novo." *Banca Cremi, S.A. v. Alex. Brown & Sons, Inc.,* 132 F.3d 1017, 1037 (4th Cir. 1997).

- "The obligation of responsible appellate review and the principles of a cooperative judicial federalism underlying *Erie* require that courts of appeals review the state law determinations of district courts *de novo.*" *Salve Regina College v. Russell,* 499 U.S. 225, 239 (1991).

- "When *de novo* review is compelled, no form of appellate deference is acceptable." *Salve Regina College v. Russell,* 499 U.S. 225, 238 (1991).

- "[T]he courts of appeals owe no deference to district court adjudications of state law." *Leavitt v. Jane L.,* 518 U.S. 137, 145 (1996)

In the Commonwealth of Virginia, the sheriff and his deputies have one legal

identity.

The unity of identity of a sheriff and his deputy is so strong in Virginia that the

current statutory definition of "sheriff" includes the deputy sheriffs:

> Virginia Code § 8.01-2(7): "Sheriff" shall include deputy sheriffs and
>
> such other persons designated in § 15.2-1603.

13

The unbroken and historically long line of Virginia precedent clearly holds that Sheriff Wilkins is fully liable for the wrongful acts committed by his deputy while within the scope of his employment.

Ever since *James v. M'Cubbin*, 6 Va. 273 (1800), it has been the law in Virginia that the sheriff must answer civilly for all the acts of his deputy.

A few years after *M'Cubbin*, in *Moore's Adm'r v. Dawney and Another,* 13 Va. (3 Hen. & M.) 127, 132 (1808), the Virginia Supreme Court again held that the sheriff was fully liable for a tort committed by his deputy: "The law looks upon the Sheriff and his officers as one person: he is to look to his officers that they do their duty; for if they transgress he is answerable to the party injured by such transgression; and his officers are answerable over to him."

In 1826, the Virginia Supreme Court considered whether a sheriff was civilly liable for the misconduct of his hired jailer in allowing a prisoner, a runaway slave, to be deprived of blankets in winter and thus get frostbite. The holding in *Dabney v. Taliferro*, 4 Rand 256, 262-263 (1826, Va.) was that the sheriff was indeed fully liable for that slave's injuries:

> It would be strange to say, that the principle which pervades the whole law, *qui facit per alium, facit per se*, did not apply here. Suppose the Sheriff were to deliver the keys of the jail to his slave, and order him to attend to the prisoners, and carry them food, and this slave were to set the jail door open, and let them escape; would not the Sheriff be answerable? Assuredly he would.

The Latin phrase used by the Court, *qui facit per alium, facit per se*, is a fundamental maxim of the law of agency which means, "He who acts through another does the act himself."[3] Since the sheriff is deemed to have done the act himself, he is himself civilly liable for that act.

In 1853, the Virginia Supreme Court considered the question of a sheriff's liability for his deputies' illegal acts when a sheriff's deputies came into possession of an estate's slaves and property, rented them out, kept the money and would not give an accounting to the heirs for that money.

The Court's opinion in *Miller* v. *Jones,* 50 Va. (9 Gratt.) 584 (1853) noted, "There is another principle on which I think [Sheriff] Miller is liable for the rents received by his deputies: And that is that a sheriff is liable *civiliter,* though not *criminaliter,* for all the acts of his deputies, *colore officii.*"

The Court conceded that in the ordinary master-servant relationship, "the former is never liable for the unauthorized, willful or malicious act or trespass of

---

[3] "Upon the principle that *qui facit per alium, facit per se*, the master is responsible for the acts of his servants, and that person is undoubtedly liable who stood in the relation of master to the wrong-doer — he who had selected him as his servant, from the knowledge or belief in his skill and care — and who could remove him for misconduct, and whose orders he was bound to receive and obey; and whether such servant has been appointed by the master directly or intermediately through the intervention of an agent authorized by him to appoint servants for him can make no difference." *Muse v. Stern,* 82 Va. 33, 42 (1886), quoting *Quarman v. Burnett*, 6 Mee. & Wels. 409.

the latter." *Id*. The Court ruled, however, that the sheriff-deputy relationship would be held to a higher standard:

> But on principles of public policy, the liability of a sheriff for his deputy is much more extensive. The acts and defaults of the deputy, *colore officii,* are considered in law as the acts and defaults of the sheriff, who is liable therefor in the same form of action as if they had been actually committed by himself. He cannot be imprisoned or indicted, but may be fined for the conduct of his deputy.

> *Miller* v. *Jones,* 50 Va. (9 Gratt.) 584 (1853).

In more modern times, the Virginia Supreme Court has cited *Moore's Adm'r v. Dawney* approvingly and with the understanding that the principle of a sheriff's civil liability for his deputy's wrongful acts was still valid Virginia precedent. The Court stated in *First Va. Bank-Colonial v. Baker,* 225 Va. 72, 78, fn. 3, 301 S.E.2d 8, ___ (1983):

> The same rule was applied to a sheriff sued for a tort committed by his deputy in *Moore's Adm'r v. Dawney and Another.* 13 Va. (3 Hen. & M.) 127, 132 (1808): "The law looks upon the Sheriff and his officers as one person: he is to look to his officers that they do their duty; for if they transgress he is answerable to the party injured by such transgression; and his officers are answerable over to him."

That historic line of cases has been considered as still valid precedent and used as recently as just five years ago, by Federal District Court Judge Glen E. Conrad who acknowledged  that the *Miller* v. *Jones* principle is still the proper precedent to apply in deciding a sheriff's civil liability for the assault and battery of his deputy, stating:

16

This court is of the opinion that, even in light of more modern decisions out of the Virginia Circuit Court, *Miller* remains controlling authority. The Supreme Court of Virginia has not overruled or questioned the continued validity of its decision. The court therefore concludes that *Miller's* holding that 'The acts … of the deputy, *colore officii*, are considered in law as the acts of the sheriff' remains valid and controlling authority in Virginia."

*Bell v. City of Roanoke Sheriff's Office*, No. 7:09cv00214, at p. 9, 2009 WL 5083459, (W.D. Va. Dec. 23, 2009).[4]

In K.I.D.'s case, Deputy Jones was certainly acting in *colore officii*. Jones was in the school only because he had been placed there as the School Resource Officer by Defendant Sheriff Wilkins. Deputy Jones was able to keep K.I.D. out of class and meet with her privately in his office to accomplish the wrongful acts against her only because he was the School Resource Officer. (Amended Complaint, para. 20, App. 191.) He talked with her and texted her on the phone issued him by Defendant Sheriff Wilkins (Amended Complaint, para. 38, App.

---

[4] See also the Virginia Circuit Court case, *Verry v. Barry,* 19 Cir. L20057454, 71 Va. Cir. 318 (2006):

> The issue of a Sheriff's liability has been addressed by the Virginia Courts in a variety of cases dating back to 1800 when it was held that the sheriff shall answer civilly for all the acts of his deputy. *James v. M'Cubbin*, 6 Va. 273 (1800). This rule was echoed in the 1808 case *Moore's Administrator v. Dawney and Another, Administrators of Bell.* In *Moore* it was held that "The law looks upon the Sheriff and his officers as one person: he is to look to his officers that they do their duty; for if they transgress, he is answerable to the party injured by such transgression; and his officers are answerable over to him." *Moore's Administrator v. Dawney and Another, Administrators of Bell*, 13 Va. 127, 132 (1808). Thus, a Sheriff may be held responsible for the acts of his deputies.

193.)  and transported her in the Sheriff's vehicle provided to him by Defendant Sheriff Wilkins. (Amended Complaint, para. 36, App. 193)

Judge Michael Urbanski of the Roanoke Division of the Western District of Virginia acknowledged Virginia state law principles and applied them to the question of a sheriff's liability for a deputy's  torts when he issued a Memorandum Opinion earlier this year, on April 28, 2014, in *Oakes v. Patterson*, Case No. 7:13-cv-552, (W.D., Va., 2014). Oakes was a pretrial detainee and alleged that she suffered a sexual assault and battery by Deputy Patterson, a Franklin County Sheriff's Deputy. The court denied the sheriff's motion to dismiss the *respondeat superior* count stating,

> [U]nder Virginia law, Oakes need only establish an employment relationship to create a *prima facie* rebuttable presumption of the employer's liability. Oakes has alleged that Deputy Patterson was an employee of Sheriff Hunt at the time of the alleged sexual assault. Amend. Compl., Dkt. No. 1-3, at ¶¶ 5, 7. The court finds that, at this stage in the proceeding, and without yet having the opportunity to offer evidence outside of the pleadings, Sheriff Hunt has not met his burden of showing that Deputy Patterson was not acting within the scope of his employment.
> Accordingly, the court will deny Sheriff Hunt's motion to dismiss count I of the amended complaint regarding vicarious liability on the basis of *respondeat superior.*

The Amended Complaint made these three very clear allegations that Deputy Jones was acting within the scope of his employment when he sexually abused K.I.D.:

- Amended Complaint, para. 20 (App. 191): "The Defendant WILKINS employed Defendant JONES as a deputy sheriff assigned as the School Resource Officer at Northumberland High School throughout the time period JONES sexually abused the minor girl, K.I.D."

- Amended Complaint, para. 33 (App. 193): "Between April 15, 2011 and February 22, 2012, the fifteen (15) year-old girl, K.I.D., was under JONES' supervision in his capacity as … the school resource officer …and a deputy sheriff of the Northumberland County Sheriff's Department when Defendant JONES sexually abused K.I.D. during school hours, on school property, and at school activities."

- Amended Complaint, para. 91 (App. 199): "Defendant JONES committed the above-mentioned crimes and intentional torts against K.I.D. while serving as a deputy sheriff of Defendant Sheriff Charles A. 'Chuck' Wilkins as the School Resource Officer, counselor, coach, and an assistant coach at K.I.D.'s school, Northumberland High School, using Sheriff Wilkins' cell phone and the Sheriff's office vehicle provided to Defendant JONES by Defendant Wilkins."

K.I.D. has established Deputy Jones' employment relationship with Sheriff Wilkins and she has thus created a *prima facie* rebuttable presumption of Sheriff Wilkins' liability as Jones' employer.

Under Virginia law, Sheriff Wilkins is civilly liable for the acts of his deputy – even the deputy's criminal acts – done by the deputy while the deputy was acting in *colore officii*.

The case against Sheriff Wilkins should not have been dismissed with prejudice.

**Issue 3. The allegations of Sheriff Wilkins' utter failure to exercise any care in supervising Deputy Jones after receiving warnings about Deputy Jones stated a claim for gross negligence.**

**Standard of Review**

- "Because this case is on appeal from a Rule 12(b)(6) dismissal, our review is de novo." *Smith v. Sydnor,* 184 F.3d 356, 360-361 (4th Cir. 1999).

- "We review *de novo* the district court's dismissal of a complaint for failure to state a claim upon which relief may be granted. A motion to dismiss should not be granted unless the plaintiff can prove no set of facts to support the claim and entitle the plaintiff to relief. In reviewing the legal sufficiency of the complaint, this court must accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff. *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994), internal citations omitted.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. IqbaI*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Como v. TwombIy*. 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Gross negligence has been defined under Virginia law to be that degree of negligence which shows indifference to others such that it constitutes an utter disregard of prudence amounting to a complete neglect of the safety of another. It must be such a degree of negligence as would shock fair minded people yet it is something less than willful recklessness. *Green v. Ingram,* 269 Va. 281, 290-291, 608 S.E.2d 917, ___ (2005).

The gross negligence of Defendant Sheriff Wilkins is that he did nothing. His duty was to protect children, yet he did nothing to protect K.I.D. even though the circumstances cried out for action to be taken.

Defendant Sheriff Wilkins knew that many of the school personnel had concerns about Deputy Jones' private and secretive contact with the female students (Amended Complaint, para. 132, 135, App.203, 204), yet he took no protective action.

Defendant Sheriff Wilkins knew that Deputy Jones ignored the safety protocol for regarding contact with female students (Amended Complaint, para. 132, App. 203), and he knew that Deputy Jones ignored repeated warnings from school officials (*Id*.), and Lieutenant Waller (Amended Complaint, para. 131, App. 203), yet he took no protective action.

Defendant Sheriff Wilkins' office had actual knowledge that Deputy Jones had transported K.I.D. in his Northumberland County Sheriff's Office patrol vehicle without another person or adult being present on a number of occasions and without K.I.D. being under arrest or detained. (Amended Complaint, para. 103, App. 200)

Sheriff Wilkins' inactivity and lackadaisical attitude regarding the safety of children in the face of repeated warnings is certainly something that would shock fair minded people. *Green v. Ingram,* at 290-291.

**Issue 4. K.I.D. stated a claim for negligence per se against Sheriff Wilkins with her allegations of his failures to comply with the Code of Virginia at §§ 9.1-101, 9.1-110(A), 18.2-370.1 and 18.2-361, all four of which are public safety laws that bound Sheriff Wilkins and were instituted to protect children such as K.I.D.**

**Standard of Review**

- "Because this case is on appeal from a Rule 12(b)(6) dismissal, our review [F.3d 361] is de novo." *Smith v. Sydnor,* 184 F.3d 356, 360-361 (4th Cir. 1999)

- "We review *de novo* the district court's dismissal of a complaint for failure to state a claim upon which relief may be granted. A motion to dismiss should not be granted unless the plaintiff can prove no set of facts to support the claim and entitle the plaintiff to relief. In reviewing the legal sufficiency of the complaint, this court must accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff." *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994), internal citations omitted.

Perhaps the most succinct statement of Virginia's interpretation of the doctrine of negligence per se is that stated within *Schlimmer v. Poverty Hunt Club,* 268 Va. 74, 78-79 597 S.E.2d 43, ___ (2004), internal citations omitted:

> The doctrine of negligence per se represents the adoption of "the requirements of a legislative enactment as the standard of conduct of a reasonable [person]." When applicable, the violation of a statute or municipal ordinance adopted for public safety constitutes negligence because the violation is the failure to abide by a particular standard of care prescribed by a legislative body. A party relying on negligence per se does not need to establish common law negligence provided the proponent of the doctrine produces evidence supporting a determination that the opposing party violated a statute enacted for public safety, that the proponent belongs to the class of persons for whose benefit the statute was enacted and the harm suffered was of the type against which the statute was designed to protect, and that the statutory violation was a proximate cause of the injury.
>
> The first two elements of negligence per se, whether the statute was enacted for public safety and whether the injured party was a member of the class of people for whose benefit the statute was enacted and suffered an injury of the type against which the statute protects, are issues of law to be decided by a trial court. The third element, whether the statutory violation was a proximate cause of the injury, is generally a factual issue to be decided by the trier of fact.

Defendant Sheriff Wilkins violated the Code of Virginia at §§ 9.1-101 and 9.1-110(A) as alleged in the Amended Complaint at paragraph 112 (App. 201-202), and he is also alleged to have violated Virginia Code §18.2-370.1 and §18.2-361 at paragraphs 95 to 101 (App. 199-201).

All four of these statutes are public safety statutes. With all four, K.I.D. has alleged: she belongs to the class of persons the statutes were designed to protect; Sheriff Wilkins violated those statutes; she suffered harm as a result of Sheriff

Wilkins violations; and the harm she suffered is of the type that the four statutes were designed to protect.

## CONCLUSION

As the Sheriff, Defendant Wilkins is fully liable for Deputy Jones' sexual assaults that Deputy Jones committed against K.I.D. while acting in *colore officii* within the scope of his employment as Sheriff Wilkins' School Resource Officer.

Sheriff Wilkins completely failed to act and to exercise any care in supervising Deputy Jones. His absolute inactivity constitutes actionable gross negligence.

Sheriff Wilkins violated two statutes personally, the Code of Virginia at §§ 9.1-101 and 9.1-110(A). He is also deemed to have violated two others, §18.2-370.1 and §18.2-361, vicariously and by respondeat superior.

This Court should reverse the judgment of the district court granting the Defendant Sheriff Wilkins' motion to dismiss, vacate the order of the district court and remand the case to the district court with instructions to remand the case to the Richmond County Circuit Court to conduct such other and further proceedings as may be appropriate.

## STATEMENT REGARDING ORAL ARGUMENT

This case meets the standards in Rule 34(a)(2) for oral argument, in that (a) this appeal is not frivolous, (b) the dispositive issues raised in this appeal have not been recently and authoritatively decided, and (c) the decisional process would be significantly aided by oral argument.

Respectfully Submitted,

*/s/ J. Michael Sharman*
J. Michael Sharman
COMMONWEALTH LAW OFFICES, PC
246 East Davis Street
Suite 200
Culpeper, VA  29651
(540) 727-1007

R. Wayne Nunnally
R. WAYNE NUNNALLY, PC
183 King Carter Drive
Irvington, VA 22480
(757) 625-5000

Paul C. Stamm
ATTORNEY AT LAW
P.O. Box 2015
Kilmarnock, VA 22482
(804) 435-2626

*Counsel for Appellants*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** 14-1846        **Caption:** K.I.D., et al. v. Charles A. Wilkins

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]    this brief contains _____5,948_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]    this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]    this brief has been prepared in a proportionally spaced typeface using
   MS Word 2010 _____ [*identify word processing program*] in
   Times New Roman, 14 point _____ [*identify font size and type style*]; **or**

   [ ]    this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) J. Michael Sharman _____

Attorney for appellants _____

Dated: 11/17/2014 _____

# CERTIFICATE OF SERVICE

I certify that on  11/17/2014          the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

ALEXANDER FRANCUZENKO
COOK CRAIG & FRANCUZENKO, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030
(703) 865-7480

/s/ J. Michael Sharman
_____          _____
            Signature                                    11/17/2014
                                                               Date